# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PARMA MUNICIPAL COURT, et al., | ) | CASE NO. 1:14-cv-1574 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WASIM BEY, | ) | AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

On July 16, 2014, *pro se* litigant Wasim Bey, identifying himself as an "Aboriginal Indigenous Moorish-American," filed a "Legal Notice of Removal Action" (Doc. No. 1) purporting to remove to this Court, and challenge on indiscernible grounds, criminal traffic proceedings brought against him in Parma Municipal Court in which he was charged with multiple traffic-related offenses. The Clerk docketed Bey's filing as a "Notice of Removal," identifying Parma Municipal Court, State of Ohio, Officer Todd Hanley, and Judge Timothy P. Gillian as "plaintiffs" and Wasim Bey as "defendant." On August 6, 2014, Bey followed up his notice of removal with a document styled as a "Writ of Mandamus." (Doc. No. 2.) For the reasons discussed below, this action is dismissed.

A criminal prosecution may be removed from state court to federal court under 28 U.S.C. § 1455, which provides that the defendant must file in the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."

Bey's notice of removal is far from a "short and plain statement." Further, despite the length of his petition, Bey has set forth *no* grounds for removal of his prosecution for traffic violations, much less grounds that are sufficient under the removal statutes and the case law interpreting those statutes.

Under 28 U.S.C. § 1443, a criminal prosecution may be removed only where a person "is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" The Supreme Court has given § 1443 a very restrictive interpretation, establishing a two-part test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). That "the criminal law under which [the removal petitioner] is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1). *Id.* (citing *Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.' This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. at 799, 803, 804).

Bey's rambling and incomprehensible notice of removal satisfies neither of these requirements, nor does his equally rambling and incomprehensible "writ of mandamus" in any way cure the defects of his removal petition.

Section 1455(b)(4) provides that if "it clearly appears on the face of the notice and any exhibits attached thereto that removal should not be permitted, the court shall make an order for summary remand." Although remand would ordinarily be appropriate where removal was improper and/or ineffective, in this case, there was never any notice given to the state court that Bey attempted to remove his criminal case to this Court, and it appears from the online docket of the Parma Municipal Court that the state court has properly proceeded with Bey's criminal prosecution.[1] Therefore, dismissal of this federal case, rather than remand, is the more appropriate action. *See McDonald v. Tennessee*, 79 F. App'x 793, 794 (6th Cir. 2003) (affirming the district court's dismissal of a removal petition in a pending traffic-related case because it "did not raise a cognizable civil rights claim") (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Accordingly, Bey's "Legal Notice of Removal Action" is summarily dismissed and his "writ of mandamus," to the extent it can be construed as a petition, is denied. This dismissal and denial has absolutely no bearing on any state court action.

---

[1] The filing of a notice of removal of a criminal prosecution "shall [generally] not prevent the State court in which such prosecution is pending from proceeding further," 28 U.S.C. § 1455(b)(3), unless the federal court "determines that removal shall be permitted, [and so] notif[ies] the State court in which prosecution is pending, which shall [then] proceed no further." 28 U.S.C. § 1455(b)(5).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),[2] that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 11, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Bey neither paid the filing fee, 28 U.S.C. § 1914, nor sought leave to proceed *in forma pauperis*, 28 U.S.C. § 1915. Although this Court would ordinarily provide Bey with notice of this deficiency and allow him time to correct it, at this juncture any such procedural action would be an exercise in futility. For all practical purposes, Bey has already proceeded *in forma pauperis*.